UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO B. HEYWARD,<br><br>          Plaintiff,<br><br>     v.<br><br>HAYWARD POLICE DEPARTMENT, et al.,<br><br>          Defendants. | Case No.  15-cv-04802-JCS<br>Related Case No. 15-4799-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST 24 HOUR FITNESS**<br><br>Re: Dkt. No. 45 |

These related cases are based on events that occurred on February 24, 2015, when 24 Hour Fitness manager Tyler Eklund allegedly called the Hayward Police Department and reported that Plaintiff, a member of the 24-Hour Fitness gym, was creating a disturbance.  Plaintiff alleges that Officers McCrea and Wright, of the Hayward Police Department, responded to the call and "aggressively detained" him.  Plaintiff initiated two actions based on these events, suing 24 Hour Fitness and Tyler Eklund in Case No. 15-4799 ("the 24 Hour Fitness Case") and the Hayward Police Department and the two officers ("the Hayward Defendants") in Case No. 15-4802 ("the City of Hayward Case").   The 24-Hour Fitness Case was dismissed pursuant to a settlement agreement between Mr. Heyward and the 24-Hour Fitness Defendants on August 31, 2016.  On September 23, 2016, after the September 9, 2016 deadline set by the Court for filing amended pleadings, the Hayward Defendants brought a Motion for Leave to File Third-Party Complaint Against 24-Hour Fitness ("Motion").  The Motion is DENIED.

First, because the Court established a deadline for amending pleadings, the Hayward Defendants must show good cause for amending their pleadings after that deadline. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (holding that request for leave to amend the complaint was governed by the "good cause" standard of Fed. R. Civ. P. 16 rather than the

1 more liberal standard of Fed. R. Civ. P. 15(a) because the request was filed after the deadline set
2 by the court to amend pleadings had already expired).  The Hayward Defendants have not done so.
3 They contend in their Reply brief they had good cause for failing to meet the deadline because the
4 stay on discovery was lifted on September 1, 2016, only nine days before the deadline for
5 amending pleadings.  As a consequence, they say, they were unable to obtain discovery responses
6 or conduct depositions by the deadline and did not "fully understand that the matter should be
7 solely between 24 Hour Fitness and the Plaintiff."  This explanation does not establish good cause
8 because the Hayward Defendants did make any effort to extend the deadline.  More importantly,
9 the discovery to which the Hayward Defendants refer is not referenced in the Motion, which relies
10 entirely on the allegations in Plaintiff's complaint.  As Defendants have been aware of the nature
11 of Plaintiff's allegations for many months, they did not have good cause to disregard the Court's
12 deadline.

13 Even if the Motion had been timely, however, the Court would have denied the Motion
14 under Rule 15(a) on the basis that amendment is futile.  The proposed third-party complaint seeks
15 to assert claims for equitable indemnity and contribution against 24-Hour Fitness.  Yet the
16 Hayward Defendants have cited no authority suggesting that these remedies are available where,
17 as here, the officers themselves are alleged to have violated an individual's Constitutional rights
18 by acting aggressively toward Mr. Hayward, detaining him without probable cause and falsifying
19 reports about the incident.  *See* Amended Complaint, Docket No. 9.   The fact that Plaintiff alleged
20 that 24-Hour Fitness Defendants engaged in additional wrongful conduct is of no moment.

21 The Motion is DENIED.

22 **IT IS SO ORDERED.**

23 Dated: November 4, 2016

JOSEPH C. SPERO
Chief Magistrate Judge