United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO B. HEYWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>HAYWARD POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 15-cv-04802-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER, GRANTING IN PART MOTION TO EXTEND DISCOVERY DEADLINE, AND APPOINTING COUNSEL/GUARDIAN AD LITEM FOR DEPOSITION OF M.H.**<br><br>Re: Dkt. Nos. 69, 72 |

**I.    INTRODUCTION**

Defendants have twice noticed for deposition Plaintiff's wife, Marina Gonzales, and his minor son, M.H.[1] Neither appeared at the depositions, and Plaintiff brings a motion seeking a protective order prohibiting their depositions. *See* Dkt. No. 69 ("Protective Order Motion"). Defendants oppose Plaintiff's motion and seek an order compelling Ms. Gonzales and M.H. to appear for deposition. They also ask the Court to extend the discovery cut-off to allow them to depose these two witnesses. *See* Dkt. No. 72 ("Discovery Deadline Motion"). The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Protective Order Motion is GRANTED in part and DENIED in part. The Discovery Deadline Motion is GRANTED in part. The Court finds that the motions are suitable for determination without oral argument and therefore vacates the motion hearing set for **May 5, 2017**.[2]

---

[1] Pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure, references to an individual who is known to be a minor in an electronic or paper filing with the Court may not use the minor's full name. Consistent with that rule, the Court uses the initials M.H. The parties did not adhere to Rule 5.2(a) in their motion papers. The Court cautions the parties that it is improper to refer to Plaintiff's son in their pleadings by his full name.

[2] The Court notes that although the face page of Defendants' Discovery Deadline Motion purports

## II. DISCUSSION

Plaintiff contends the Court should not permit Defendants to depose his wife or minor son because such depositions are not reasonably calculated to lead to discoverable information. Plaintiff testified at his deposition, however, that he had discussed this case with his wife, and that his son's description of the underlying events (to which he was a witness) is "very crucial" to the case. *See* Dkt. No. 71-1 (Heyward Depo.) at 64, 246. Accordingly, the Court rejects Plaintiff's request for a protective order.

Nonetheless, because Plaintiff's son is a minor, it is the Court's obligation under Rule 17 of the Federal Rules of Civil Procedure to protect his interests. *See* Fed.R.Civ.P. 17(c)(" The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."). The Court finds that the interests of M.H. can be adequately protected by appointing counsel to prepare for and defend his deposition. Because M.H. is in need of counsel to assist him in this matter and volunteer counsel is willing to be appointed to undertake this representation at the request of the Federal Pro Bono Project, Ms. Ana Gardea and Ms. Karen Silverman are hereby appointed as counsel for M.H. in this matter. Appointed counsel will also serve as guardian ad litem for M.H. in connection with the deposition. Ms. Gardea and Ms. Silverman are appointed for the limited purpose of preparing for deposition and representing M.H. at the deposition. The deposition of M.H. shall not exceed **two hours** in length and will be conducted outside of school hours if possible. Subject to these conditions, the Court orders Marina Gonzales and M.H. to appear for depositions, to occur no later than **May 12, 2017**. Further, the Court GRANTS in part Defendants' request that the **discovery cut-off be extended and therefore extends that deadline to May 12, 2017, solely for the purposes of permitting Defendants to depose Ms. Gonzales and M.H.**[3]

---

to notice that motion for hearing on May 5, 2017, the motion was filed improperly through the Court's electronic filing system and therefore, no motion was placed on the Court's calendar. Nonetheless, the Court formally vacates the May 5 hearing out of an abundance of caution in order to avoid any potential confusion on the part of the parties.

[3] The Court notes that Defendants state in their Opposition to Plaintiff's Protective Order Motion at page 3 that the deadline for filing dispositive motions is May 11, 2017. Defendants are incorrect. Pursuant to the Court's scheduling order, all briefing on dispositive motions must be *completed* four weeks before the June 16, 2017 hearing date, that is, by May 19, 2017. *See* Dkt.

### III. CONCLUSION

For the reasons stated above, the Motion for Protective Order is DENIED except to the extent that M.H. will be represented at his deposition by Court-appointed counsel, who will also serve as guardian ad litem in connection with the deposition, and his deposition will be limited to two (2) hours. The Discovery Deadline Motion is GRANTED in part to the extent that the Court extends the discovery cut-off to **May 12, 2017** with respect to the completion of the depositions of M.H. and Marina Gonzales only. The Court appoints Ms. Ana Gardea and Ms. Karen Silverman to serve as counsel and guardian ad litem to M.H. in connection with his deposition, as discussed above.

**IT IS SO ORDERED.**

Dated: April 27, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

No. 29 at 2-3. The parties were instructed to meet and confer and submit a stipulation with briefing dates that would meet that deadline but have not done so. The Court will address any scheduling issues that may result from the delay in deposing M.H. and Ms. Gonzales in a separate order if the parties wish to seek relief from these deadlines through motion practice.